(23 Misc. Rep. 524.)

McGILL v. HOLMES, BOOTH & HAYDENS.

(City Court of New York, General Term.   May 11, 1898.)

1. CORPORATIONS—ACTION FOR DIVIDENDS—DEFENSES—PLEADING.
    Where the answer alleges no contract or equitable right to apply divi-
    dends to payment of loans or advances made to the stockholder by the
    corporation, and pleads no counterclaim, the fact of such application can-
    not be proved as a defense to an action for the recovery of such dividends.

2. SAME—INCONSISTENT DEFENSES.
    Where a corporation by answer admits that plaintiff was the owner of
    certain shares on its books at the time a dividend was declared, and was
    owner of the dividend, an affirmative defense that the dividends belong
    to the corporation, as such stockholder's pledgee, is inconsistent.

3. PLEDGE—SUFFICIENCY OF EVIDENCE.
    A recital in an assignment of corporate stock that it was subject to a
    pledge to the corporation is not sufficient to prove the pledge as a defense
    to an action by the stockholder for dividends.

Action by George W. McGill against Holmes, Booth & Haydens.
There was a judgment for plaintiff entered on the report of a ref-
eree, and defendant appealed.   Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN and SCHUCH-
MAN, JJ.

Atwater & Cruikshank, for plaintiff.
Ward, Hayden & Satterlee, for defendant.

SCHUCHMAN, J.   This action was brought to recover dividends
declared by the defendant corporation on stock of the defendant.
The complaint alleges that the defendant is a foreign corporation or-
ganized and existing under the laws of the state of Connecticut; that
its board of directors duly declared a dividend to stockholders of rec-
ord on a day certain; that the plaintiff was a stockholder of record
on that day to the extent of 500 shares of the capital stock of the
defendant; that he was the owner of the dividends on the stock in
his name; that they had not been paid; that payment had been
duly demanded of defendant, and refused.   The answer admits all
the allegations of fact contained in the complaint herein, and sets up
the following matters as defenses:   (1) That at the time of the dec-
laration of the dividends the plaintiff was indebted to the defend-
ant, in an amount greater than the dividends, for money loaned and
advanced to him, and that "the said dividends were placed by the
defendant to plaintiff's credit against said loans and advances in
plaintiff's account."   (2) That prior to the commencement of this
action, there was pending, and still is undetermined, between plain-
tiff and defendant, an action for an accounting of all their deal-
ings and transactions under certain contracts for the manufacture
and sale of "McGill's Paper Fasteners," which involved the same
issues as this action.   (3) That, while said 500 shares of defendant's
stock stood in plaintiff's name upon defendant's books, plaintiff as-
signed 490 shares thereof to his wife, Mary L. H. McGill, by an as-
signment in writing, on February 20, 1894, and which assignment
was made subject to all claims of defendant against plaintiff, who
had given defendant said stock as security therefor.

As to the matters firstly above set forth, the learned referee held, and we think correctly, that there was no allegation in the answer of the existence of any contract right between plaintiff and defendant justifying defendant to apply plaintiff's dividends to the payment of the alleged loans and advances, or any equitable ground therefor, and that the facts could not be proved as a counterclaim, because no counterclaim was pleaded. (Referee's memorandum of decision).

As to the defense secondly above set forth, the cause of action herein is not involved in the prior action for an accounting.

As to the matters thirdly above set forth, the assignment was made to Mrs. McGill on February 20, 1894, and the dividends were declared in January, April, and July, 1896; and in August, 1896, this action was commenced; and the answer to defendant's query, "How can plaintiff be entitled to said dividends, having assigned said stock to his wife?" is simply this: "Your query is inconsistent with the admissions made by you in your answer."

The defendant's claim that the stock was pledged to it by plaintiff prior to the assignment thereof by him to his wife, and that the defendant, as pledgee, is entitled to the dividends, is answered by the fact that no such pledge has been proved; a mere recital thereof is contained in the assignment. Furthermore, this claim is again inconsistent with the specific admissions in defendant's answer. When a dividend is declared, it belongs to the owner of the stock at that time.

The declaration of the dividend is, in legal contemplation, a separation of the amount thereof from the assets of the corporation, which holds such amount thereafter as the trustee of the stockholder at the time of the declaration of the dividend. Hopper v. Sage, 112 N. Y. 530, 20 N. E. 350.

We have examined all the exceptions in the case, and none present reversible error. Judgment affirmed, with costs. All concur.